**Michael L. KEHM, Administrator of the Estate of Patricia Ann Kehm, Deceased, and as Father and Next Friend of Kathryn Kehm and Andrea Kehm, Appellee,**

v.

**The PROCTER & GAMBLE MANUFACTURING COMPANY; The Procter & Gamble Distributing Company; The Procter & Gamble Paper Products Company; and The Procter & Gamble Company, Tom Riley, Appellants.**

**No. 83–2030.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 13, 1983.

Decided Jan. 10, 1984.

Tom Riley Law Firm, P.C., Cedar Rapids, Iowa, for appellant Tom Riley.

Dinsmore & Shohl, Cincinnati, Ohio, White & Warbasse, Cedar Rapids, Iowa, Lawrence R. Elleman, Cincinnati, Ohio, for appellee Procter & Gamble Co.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BRIGHT, Circuit Judge.

PER CURIAM.

Tom Riley represented the survivors of Patricia Kehm in a suit against Procter & Gamble alleging that Mrs. Kehm's death resulted from her use of Rely tampons, a Procter & Gamble product. The district court awarded the plaintiff survivors $300,000, and this court sustained the award on appeal. *Kehm v. Procter & Gamble,* 724 F.2d 613 (8th Cir. 1983).

Riley now appeals from an order of the district court[1] holding him in civil contempt and requiring him to pay Procter & Gamble $10,000 in attorneys' fees arising from the contempt proceedings. The district court, on Procter & Gamble's motion, held Riley in contempt for selling documents obtained through discovery in the *Kehm* suit to attorneys representing other plaintiffs suing Procter & Gamble in similar suits. The documents were subject to a protective order and a nondisclosure agreement barring their distribution without leave of the district court. Riley sold the documents without ever informing the court or seeking its leave.

The district court specifically held that Riley's distribution of some of the documents violated the protective order, and resulted in the disclosure of valuable Procter & Gamble trade secrets. The district court wrote that,

[a]lthough Riley's sale and distribution of covered documents under the circum-

---

1. The Honorable Edward J. McManus, Chief Judge, United States District Court for the   Northern District of Iowa.

stances was not wilful, he should have realized that some of the exhibits were under the protective order, and should have sought leave of court for their release and distribution.

Having reviewed the record of the contempt proceeding, we find no error of law or fact on the part of the district court. Accordingly, we affirm. *See* 8th Cir.R. 14.